IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ALLISON P. MATTHEWS,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN FORK POLICE DEPARTMENT,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO DISMISS**<br><br>Case No. 2:26-cv-00359<br><br>Judge Tena Campbell |

Plaintiff Allison P. Matthews filed this action against Defendant American Fork Police Department on April 29, 2026. (Compl., ECF No. 1.) After 90 days passed with no proof of service on the docket, the court issued an order to file proof of service or show cause why the case should not be dismissed for failure to prosecute. (Order, July 29, 2026, ECF No. 4.) Ms. Matthews then filed a return of service showing that the Defendant had been served with a copy of the summons and Complaint on July 20, 2026. (Summons Returned Executed, ECF No. 5.) After 21 days passed with no answer or other response from the Defendant, the court ordered Ms. Matthews to file a status report explaining how she intended to proceed. (Order, Aug. 18, 2026, ECF No. 7.) Ms. Matthews did not file the required report. But on August 24, 2026, the Defendant filed a motion to dismiss. (ECF No. 8.) The time to respond to that motion has passed, and nothing has been filed. See DUCivR 7-1(a)(4)(A)(iii) (requiring that a response to a motion to dismiss be filed within 28 days).

Under DUCivR 7-1(f), "failure to respond timely to a motion may result in the court granting the motion without further notice." The court finds that granting the Defendant's unopposed motion is appropriate here.

The Defendant maintains that the action should be dismissed for several reasons. Some of the defects that the Defendant notes could be remedied through an amended complaint. For instance, Ms. Matthews sues the American Fork Police Department, rather than the City of American Fork. But under Utah law, it is municipalities who may sue or be sued. See Utah Code Ann. § 10-1-202. No statute provides that subdivisions of municipalities have the capacity to sue or be sued; accordingly, lawsuits brought against subdivisions such as police departments should be dismissed. See Fraga v. Sandy City Police Dep't, No. 2:24-cv-828, 2025 WL 2381682, at *3 (D. Utah July 30, 2025).[1]

Moreover, the Defendant argues that Ms. Matthews fails to state a claim for discrimination or retaliation under Title VII of the Civil Rights Act of 1964. Ms. Matthews alleges that she was either fired or constructively discharged after she and another female coworker were involved in an argument. (Compl. ¶ 16.) The other female employee was not disciplined. (Id. ¶ 19.) Ms. Matthews also alleges that the Police Chief told her that he had lost trust in her because he was aware of comments that she had made questioning his decision to demote another employee. (Id. ¶ 17.) She maintains that the Police Chief could only have discovered this information based on comments she made to a fellow employee whom she dated

[1] Given that the American Fork Police Department is not a proper party in this suit, the Defendant also argues that service was defective. The court agrees. But there is no reason to allow the Plaintiff an additional attempt to effect service on the proper party due to the Plaintiff's failure to state a claim for relief.

for a few months. (Id.) Finally, Ms. Matthews suggests that she was sent home because the Police Chief deemed her "too emotional to have a meaningful conversation." (Id. ¶ 35.)

The court agrees with the Defendant that Ms. Matthews has failed to allege how any adverse employment decision against her occurred on account of her sex. She does not identify a similarly situated male employee who was treated more favorably. Rather, she alleges that another female employee (a member of the same protected class) was not disciplined. But these facts do not support an inference of sex-based discrimination. Ms. Matthews's only suggestion that her sex played a role in the Police Chief's decision is that she was sent home because she was "too emotional." But that is Ms. Matthews's characterization of her encounter with the Police Chief. (Id. ¶ 35.) According to her allegations, the Police Chief's actual words were that he had lost trust in her due to her past comments and that he would not discuss further whether he planned to fire her. (See id. ¶ 16 (alleging that the Police Chief stated: "I'm not discussing [whether I'm firing you] with you. I will tell you tomorrow. Get your stuff, get out of the building. I will tell you tomorrow").) The court finds these comments insufficient to support a plausible inference of sex-based discrimination, especially because Ms. Matthews has not opposed the Defendant's argument on this point.

The court also finds that Ms. Matthews fails to state a claim for retaliation, given that she does not allege that she engaged in any protected activity before the events that led to her termination or constructive discharge.

**ORDER**

For the foregoing reasons, the court ORDERS as follows:

1. The Defendant's unopposed Motion to Dismiss is GRANTED.
2. The court DISMISSES this action with prejudice for failure to state a claim.

DATED this 23rd day of September, 2026.

BY THE COURT:

Tena Campbell
United States District Judge